Mark C. Comtois (*pro hac vice*)
mccomtois@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, DC 20001
Telephone: (202) 776-5240

Nicole K. McLaughlin (*pro hac vice*)
nkmclaughlin@duanemorris.com
Tyler R. Marandola (*pro hac vice*)
trmarandola@duanemorris.com
Brianna M. Vinci (*pro hac vice*)
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1198

Jennifer M. Lantz (SBN 202252)
jmlantz@duanemorris.com
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Telephone: (650) 847-4150

*Attorneys for Plaintiff*
*The Foundry Visionmongers Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE FOUNDRY VISIONMONGERS LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**ADOBE INC.,**<br><br>Defendant. | **Case No. 5:26-cv-2121-NW**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE**<br><br>**Judge: The Honorable Noël Wise** |

Pursuant to Civil Local Rule 6-3 of the Northern District of California, Plaintiff The Foundry Visionmongers Ltd. ("Foundry") respectfully requests that the Court deny Defendant Adobe Inc.'s ("Adobe" or "Defendant") Motion to Set Briefing Schedule (Doc. 32) and maintain the standard briefing schedule pursuant to the Federal Rules of Civil Procedure and the Northern District Local Rules for Foundry's Motion for Preliminary Injunction.

## I. UNDERLYING MOTION AND EXISTING SCHEDULE

Plaintiff filed a Motion for Preliminary Injunction on May 6, 2026 (Doc. 28) seeking to enjoin Defendant from using the trademark "Foundry" in connection with its video production and VFX products and services. Under the current standard briefing schedule, Adobe's opposition will be due May 20, 2026, and Foundry's reply will be due May 27, 2026. Foundry has requested that the Court expedite the hearing on its Motion for Preliminary Injunction (Doc. 31) to sooner than the currently-scheduled July 22, 2026 hearing date, but not alter the standard briefing schedule.

## II. GOOD CAUSE DOES NOT EXIST TO EXTEND THE SCHEDULE

There is no basis to depart from the existing, standard briefing schedule in this action, and Plaintiff believes that an earlier hearing than currently set is appropriate, given the irreparable harm Plaintiff is suffering on a daily basis. Therefore, Plaintiff moved to seek an earlier hearing date than the current July 22, 2026 hearing date, which is eight weeks after the current close of briefing. Defendant instead wishes to extend the briefing, drawing out the preliminary injunction process. Defendant's Motion should be denied.

### A. Defendant Misrepresents the Nature of The Parties' Discussions

Defendant spends much of its Motion casting aspersions on Foundry and its counsel, which are unnecessary and inaccurately represent the record. Defendant complains that that by not immediately responding to Defendant's May 8 correspondence, Foundry engaged in purposeful "delay tactics." Doc. 32 at 2-3. This is not the case. First and foremost, as Defendant's counsel acknowledges (see Doc. 32-2 at para. 3), Plaintiff informed defense counsel of its intention to file an administrative motion to expedite the preliminary injunction hearing on ***May 1***. *See also* Exhibit A to the Declaration of Jennifer M. Lantz, filed herewith, attaching a true and correct copy of a May 1, 2026, email to Defendant's counsel indicating that Foundry was considering moving to expedite the hearing. That Foundry did so

should not have been a surprise, since a preliminary injunction motion by its nature requests expedited action. So Foundry's interest in having the Preliminary Injunction Motion heard speedily comes as no surprise to Defendant, and thus Defendant could not have reasonably expected Foundry to consent to the requested delay.

Second, even on its own terms, the "delay" of which Defendant complains totals only four days—two of which were the weekend. Foundry's counsel received Defendant's correspondence on Friday, May 8, proposing to alter the briefing schedules both for Plaintiff's Preliminary Injunction Motion and Defendant's yet-to-be-filed Motion to dismiss. Defendant's initial proposed schedule had briefing due concurrently for both motions, even though they had not been filed on the same date. Foundry's counsel consulted internally and with their client in the UK and US,[1] requested a teleconference with Defendant's counsel on May 13 (two full business days after Defendant's May 8 email) and had the teleconference on the same day. *See* Doc. 32-2 at 3; Lantz Dec. ¶¶ 4-7. In the interim, on May 12 counsel for Defendant also requested a teleconference regarding the hearing date for its Motion to Dismiss, to which Plaintiff's counsel promptly replied the same morning, and counsel for the parties spoke telephonically on May 12 to assist in setting a hearing date for Defendant's Motion to Dismiss. *See id.* at 4-5; Lantz Dec. ¶ 6. Counsel for Defendant did not bring up the briefing schedule for the Motion for Preliminary Injunction on the May 12 teleconference. *See* Lantz Dec. ¶ 6. On May 13, Defendant proposed a slightly revised schedule to that proposed on the prior Friday. *See* Doc. 32-2 at 3-4. At no time did Plaintiff give Defendant any reason to believe that it would agree to Defendant's request, and Plaintiff acted with reasonable speed on that request. Based on this record, it was unreasonable for Defendant to assume that its request to extend the briefing schedule on a motion for urgent relief was unopposed.

**b. Delayed Resolution of Plaintiff's Motion Will Prejudice Foundry, While There is No Prejudice to Defendant in Adhering to the Existing Briefing Schedule**

For the reasons set forth in Foundry's Motion to Expedite the current hearing date, Foundry faces ongoing harm if the resolution of its Motion for Preliminary Injunction is delayed. *See* Doc. 31. Indeed,

[1] Foundry is located in London, UK and is owned by Roper Technologies, a U.S.-based Fortune 500 company. Foundry needed to consult with contacts at both Foundry in the UK and Roper in the US before responding to Defendant's correspondence.

Defendant's motion confirms the need for expedited action. Adobe claims to have an "established Firefly Foundry trademark" and claims that an injunction would disrupt "many ongoing customer relationships" that Adobe has apparently centered around the Firefly Foundry trademark. Doc. 32, at 1. Defendant's administrative motion thus confirms what Plaintiff showed in its preliminary injunction motion: Defendant is working quickly to embed its infringing Foundry into every aspect of the Adobe ecosystem, apparently so it can later argue that an injunction would harm its business. Defendant's arguments counsel that Plaintiff's preliminary injunction motion be resolved with more dispatch, not less. Plaintiff is seeking only for Defendant to be held to the same briefing schedule that the Local Rules apply to a typical motion. That is hardly a surprise in the context of a preliminary injunction.

Moreover, Plaintiff has already shown why circumstances warrant an expedited hearing, rather than slowing down the process. Defendant has appeared at the same panel in the same trade show as Foundry, has and seeks to create products that perform the same functions as and/or interoperate with Foundry's products, and seeks to overwhelm Foundry's flagship brand. *See* Doc. 28-1 at 6-10, 12-16. These activities create a serious risk of irreparable harm to Foundry, who has built its FOUNDRY brand for thirty years. *See id.*at 21. Defendant seeks to offer competing and complementary goods and services using the "Foundry" name, necessarily threatening Foundry with loss of prospective customers and goodwill. *See id.* at 22. Defendant's infringement is ongoing, escalating, and will continue to cause irreparable harm to Foundry if unchecked. Foundry has explained why circumstances have changed since the filing of the Complaint, warranting a preliminary injunction. *See id.*; *see also* Doc. 28 (Motion for Preliminary Injunction). Namely, Defendant has escalated its infringement by announcing and advertising its "Foundry"-branded product at the NAB Show, advertising the infringing product on the Las Vegas MSG Sphere, and, while appearing at the NAB Show, acknowledged the risk of confusion by stating to an audience of 50 that Adobe Foundry was "not to be confused with Foundry, Foundry." *Id.* at 7-9. Defendant has even filed a trademark application of its own, seeking to register FIREFLY FOUNDRY as its own trademark. *Id.* at 9. The urgent nature of Foundry's Motion for Preliminary Injunction weighs firmly against extending the briefing schedule and delaying the relief Foundry seeks. *See* Doc. 31.

Conversely, Defendant's complaints of prejudice are not persuasive. Defendant has been aware that Foundry intended to seek a preliminary injunction since April 30, 2026. *See* Doc. 32-1, para. 2. The evidence Defendant claims it intends to collect and present—witness declarations—is standard in any preliminary injunction briefing. Defendant points out no concrete, particularized reasons why it cannot collect that evidence in the standard time frame. This case therefore does not present special circumstances under which additional time to collect information and draft declarations is necessary or warranted. Defendant's claim that "the potential consequences of a PI motion are severe" does not warrant a change of the briefing schedule and certainly does not warrant an extension of over three weeks for Defendant's responsive brief.[2]

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Administrative Motion to Set Briefing Schedule and instead maintain the current briefing schedule.

///

///

///

///

///

///

///

///

///

///

///

///

///

[2] While Plaintiff disagrees that good cause exists to alter the briefing schedule on the Motion for Preliminary Injunction, if the Court is inclined to grant Defendant's motion, Plaintiff asks that the briefing schedule with respect to Defendant's Motion to Dismiss also be altered by the same amount of time, such that Plaintiff's response be due June 19, 2026.

Dated: May 14, 2026

*/s/Jennifer M. Lantz*

Mark C. Comtois (*pro hac vice*)
mccomtois@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, DC 20001
Telephone: (202) 776-5240

Nicole K. McLaughlin (*pro hac vice*)
nkmclaughlin@duanemorris.com
Tyler R. Marandola (*pro hac vice*)
trmarandola@duanemorris.com
Brianna M. Vinci (*pro hac vice*)
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1198

Jennifer M. Lantz (SBN 202252)
jmlantz@duanemorris.com
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Telephone: (650) 847-4150

*Attorneys for Plaintiff*
*The Foundry Visionmongers Ltd*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be electronically filed on May 14, 2026, with the Clerk using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ Jennifer M. Lantz*

Jennifer M. Lantz