Mark C. Comtois (*pro hac vice*)
mccomtois@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, DC 20001
Telephone: (202) 776-5240

Nicole K. McLaughlin (*pro hac vice*)
nkmclaughlin@duanemorris.com
Tyler R. Marandola (*pro hac vice*)
tmarandola@duanemorris.com
Brianna M. Vinci (*pro hac vice*)
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1198

Jennifer M. Lantz (SBN 202252)
jmlantz@duanemorris.com
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Telephone: (650) 847-4150

*Attorneys for Plaintiff The Foundry Visionmongers Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE FOUNDRY VISIONMONGERS LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**ADOBE INC.,**<br><br>Defendant. | Case No. 5:26-cv-2121-NW<br><br>**LR 7-3(d)(1) OBJECTION TO REPLY EVIDENCE**<br><br>**Reserved Hearing Date: July 22, 2026**<br>**Judge: The Honorable Noël Wise** |

## I. INTRODUCTION

Pursuant to Local Rule 7-3(d)(1), Plaintiff The Foundry Visionmongers Ltd. ("Foundry") objects to evidence presented in Defendant Adobe Inc.'s ("Adobe" or "Defendant") Reply in Support of its Motion to Dismiss (Doc. 48) (the "Reply").

## II. ARGUMENT

Defendant's Reply presents new evidence which is procedurally improper and used for an improper purpose at this stage of the litigation. This evidence should be rejected and not considered.

The Reply purports to include as evidence the results of a June 22, 2026 "search of the Trademark Electronic Search System." *See* Doc. 48-1 (Ramallo Dec.) ¶ 2. The Reply attaches "five (5) examples of registrations or applications from these results" and seeks to have the Court consider these documents as evidence. *See id.* ¶¶ 3-8; *see also* Reply at 4-5. This evidence was not included in Defendant's Motion and has been submitted for the first time with the Reply. "[C]ourts typically do not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) (rejecting new evidence included for the first time in reply). Because the search results and exhibits identified in the Ramallo declaration were introduced for the first time in Defendant's Reply, Foundry does not have the opportunity to respond to them and they should be rejected.

The records attached to the Reply should also be rejected because of the basic principle that at the 12(b)(6) stage, the Cout may "consider only the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1048 (9th Cir. 2025). Defendant seeks to use the new search results and registrations to contradict the well-pled allegations of Foundry's First Amended Complaint. This is improper. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."). As explained in Foundry's Opposition to the Motion to Dismiss (Doc. 46 at 5), "if specific facts alleged in the complaint contradict specific facts related in a non-legally operative document attached to the complaint, incorporated by reference into

the complaint, or subject to judicial notice, the conflict is resolved in the plaintiff's favor." *In re FinjanHoldings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023). The only purpose of the materials appended to the Reply is to introduce a factual narrative that contradicts the allegations of the First Amended Complaint and to ask the Court to accept that narrative. That is improper, as the cases cited in Plaintiff's opposition explain, none of which Defendant tries to distinguish. *See* Doc. 46, at 5-7, 10; *see also Brixton LLC v. Wooden Bay Co. LLC*, 2026 WL 125200, at *2 (S.D. Cal. Jan. 16, 2026) (denying request for judicial notice because "the strength of the Brixton Marks is in dispute, and a court may only take judicial notice of facts that are 'not subject to reasonable dispute'"); *Sushi Nozawa, LLC v. HRB Experience, LLC*, 2020 WL 1529379, at *2 (C.D. Cal. Mar. 31, 2020) (declining to take judicial notice of contents of websites because they "contain disputed matter").

Defendant's new evidence should also be disregarded because it is used for an improper purpose. Namely, Defendant introduces the search results and sample registrations and applications as evidence of the circumstances of the relevant marketplace. The search results and TESS records, however, provide no evidence of marketplace realities. *See, e.g.*, *Trojan Battery Co., L.L.C. v. Golf Carts of Cypress, L.L.C.*, 175 F.4th 582, 594 (5th Cir. 2026) ("[W]e will not assume any knowledge on the part of the purchasing public by mere registrations in the Patent Office, nor will we assume that the marks are in continuing use, so as to have any effect on the mind of the purchasing public merely because they had been so registered."); *JaM Cellars, Inc. v. Vintage Wine Estates, Inc.*, 2017 WL 2535864, at *5 (N.D. Cal. June 12, 2017) (explaining that simply providing a list of registrations or applications is a "generous pour of misdirection"); *Boldface Licensing + Branding v. By Lee Tillett*, 940 F. Supp. 2d 1178, 1191 (C.D. Cal. 2013) ("Upon further research and briefing from the parties in this case, the Court is now convinced that these third-party registrations are not probative of conceptual weakness without evidence that the marks were actually used in commerce and viewed by consumers."). Defendant appears to concede this point: Foundry presented this argument in its Opposition brief, and the Reply fails to address it in substance.

## III. CONCLUSION

For the foregoing reasons, the Court should decline to consider the evidence presented in Defendant's Reply.

DATED: July 7, 2026

By: */s/ Jennifer M. Lantz*
Jennifer M. Lantz (SBN 202252)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Phone: (650) 847-4150
Facsimile: (650) 847-4151
Email: jmlantz@duanemorris.com

Mark C. Comtois (*pro hac vice*)
mccomtois@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, DC 20001
Telephone: (202) 776-5240

Nicole K. McLaughlin (*pro hac vice*)
nkmclaughlin@duanemorris.com
Tyler R. Marandola (*pro hac vice*)
tmarandola@duanemorris.com
Brianna M. Vinci (*pro hac vice*)
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1198

*Attorneys for Plaintiff The Foundry Visionmongers Ltd*

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be electronically filed on June 19, 2026, with the Clerk using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ Jennifer M. Lantz*
Jennifer M. Lantz